UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ANTOINE TAYLOR**             **CASE NO. 6:23-CV-01426**

**VERSUS**                     **JUDGE ROBERT R. SUMMERHAYS**

**BURLINGTON INSURANCE CO**    **MAGISTRATE JUDGE CAROL B. WHITEHURST**

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 10). Defendant, The Burlington Insurance Company, opposed the motion (Rec. Doc. 12). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's motion be denied.

### Factual Background

Following an automobile accident and after settlement with the adverse driver and her liability insurance, Plaintiff filed this suit against Burlington, his uninsured motorist insurer, in state court on April 24, 2023. (Rec. Doc. 1-2). Plaintiff did not allege an amount of damages claimed. Burlington was served on May 2, 2023, and removed the suit on October 10, 2023 based upon diversity jurisdiction. In its notice

of removal, Burlington asserted that the requisite diversity exists between Plaintiff and Burlington, and that the amount in controversy exceeds $75,000, based upon Plaintiff's discovery responses providing information regarding his injuries and settlement with the underlying liability insurer. (Rec. Doc. 1, ¶12; 23-25; Rec. Doc. 1-3). When requested to admit or deny whether he was seeking damages against Burlington in excess of the jurisdictional threshold of $75,000, Plaintiff responded:

> Request for Admission No. 1 is objected to being irrelevant. Plaintiff admits that it is believed that plaintiff's damages exceed the Louisiana amount in controversy for trial by Jury. Further this Request for Admission is objected to as premature as it can neither be admitted nor denied with accuracy at this time since plaintiff is stiull undergoing treatment for his injuries and the duration, extent and treatment for such injuries are yet unknown. Out of an abundance of caution, and only if further answer is deemed necessary, plaintiff admits that his damages are in excess of the underlying liability insurance limits of $15,000.00 and in excess of the the $10,000.00 threshold for trial by Jury in Louisiana, but otherwise, based on the information currently available, the Request is denied. Plaintiff has incurred medical expenses totaling $9,244.00, has no lost wages, and there have been no recommendations for injections or surgery. Plaintiff has been improving with chiropractic care that he has undergone for approximately 20 months an dhas required less frequent visits as time has progressed. Further, a CT with Myelogram has been recommneded but plaintiff does not wish to have dye used since his mother suffered kidney failure after dye was used in a procedure.

(Rec. Doc. 1-3, p. 1).

Plaintiff filed the instant Motion to Remand based upon the uncertainty of the value of his claims, arguing that his damages do not clearly meet the amount in controversy requirement. In opposition, Burlington relies upon Plaintiff's

noncommittal discovery responses and his refusal to stipulate that his damages do not exceed $75,000.

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court. Upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Burlington, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). Diversity is not contested. The disputed issue is whether Plaintiff's claims exceed the jurisdictional threshold of $75,000.

> We ordinarily consult the state court petition to determine the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). However, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. *See* La.Code Civ. P. art. 893(A)(1). Therefore, where, as here, the petition does not include a specific monetary demand, Prudential must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar,* 47 F.3d at 1412 (5th Cir.1995). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the

3

>defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.

*Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.,* 47 F.3d at 1412. The plaintiff may establish that his claims will not exceed the jurisdictional threshold to a legal certainty "by identifying a statute, or by filing a binding stipulation, that so limits her recovery." *Manguno*, 276 F.3d at 724.

"While an insured can recover under a UM policy only after establishing that he recovered under the tortfeasor's insurance policy, the amount paid by the tortfeasor is not included in the amount-in-controversy calculus." *Brown v. Geico Cas. Co.,* No. 6:20-CV-01308, 2022 WL 185186, at *2 (W.D. La. Jan. 3, 2022), citing cases, *report and recommendation adopted,* No. 6:20-CV-01308, 2022 WL 177527 (W.D. La. Jan. 19, 2022). See also discussion in *Savoia v. Am. Fam. Mut. Ins. Co.*, No. CV 18-663-BAJ-EWD, 2018 WL 6731279, at *3, fn. 37 (M.D. La. Oct. 23, 2018), *report and recommendation adopted,* No. CV 18-00663-BAJ-EWD, 2018 WL 6729796 (M.D. La. Dec. 21, 2018). Thus, the $15,000 Plaintiff recovered from the underlying policy is not considered in determining whether the amount in

controversy is satisfied. Plaintiff stipulates that the Burlington UM "policy limits are well beyond the amount in controversy." (Rec. Doc. 10-2, p. 2).

Plaintiff alleges he sustained a back/neck injury for which he has undergone chiropractic treatment at least once a month for over twenty months and has incurred medical expenses of $9,244. (Rec. Doc. 1-3; 1-4; 10-2). He has also treated with a neurosurgeon and undergone CT scans of his cervical and lumbar spines which revealed multiple protrusions/herniations with some with stenosis. (Rec. Doc. 1-5). Burlington cited multiple cases within this jurisdiction wherein plaintiffs with similar injuries and treatment established damages in excess of $75,000. See e.g. *Gradney v. Dixie Partners V, L.P.,* No. 2:14CV-01069, 2014 WL 3891367, at *1 (W.D. La. Aug. 8, 2014) (finding the amount in controversy satisfied where plaintiff suffered "very small disc bulges and early facet arthropathy along the lumbar spine, with small herniations at L3–4 and L4–5," despite the fact that the plaintiff would not require surgery); *Reeves v. TPI Restaurants, Inc.,* No. CIV.A. 05-1778, 2007 WL 1308380, at *2 (W.D. La. Apr. 13, 2007) (medical evidence in the form of MRIs showing neck and back herniated discs without any surgery recommendation were sufficient).

The Court finds that Burlington has met its burden to establish an amount in controversy of at least $75,000. Plaintiff's refusal to stipulate that his damages do not exceed the jurisdictional threshold, though not determinative, is persuasive

5

support for this finding. See *Jackson v. Ngabonziza,* No. CIV.A. 13-0555, 2013 WL 2286347, at *3 (W.D. La. May 23, 2013) ("[P]laintiff's refusal to stipulate is but one factor in determining whether the amount in controversy exceeded $75,000 at the time of removal.") Accordingly, Plaintiff's Motion to Remand should be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 10) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of December, 2023.

                                                                                                    _____
                                                                                   CAROL B. WHITEHURST
                                                                                    UNITED STATES MAGISTRATE JUDGE